STATE OF IOWA v. NICK ABEGGLAN, Appellant.

**Evidence:** SEDUCTION. Evidence as to the relation between the prosecutrix in seduction and one other than defendant, after the alleged seduction, which does not tend to explain their relation before that time is inadmissible in behalf of defendant.

*Appeal from Monroe District Court.*—Hon. T. M. FEE, Judge.

### FRIDAY, OCTOBER 8, 1897.

THE defendant was accused and convicted of the crime of seduction. From the judgment, which required that he be imprisoned in the state penitentiary at Ft. Madison for the term of eighteen months, he appeals.— *Affirmed.*

*T. B. Perry* and *J. F. Abegglan* for appellant.

*Milton Remley,* attorney general, for the state.

ROBINSON, J.—The indictment charges that the offense of which the defendant was convicted was committed on or about the fifteenth day of June, 1895. Gertie Smith, the person alleged to have been seduced, testifies that the offense was accomplished by reason of a promise of marriage, in the latter part of May, 1895, when she was fifteen years of age. She gave birth to a child about the first of March, 1896, and states that she never had sexual intercourse with any one excepting the defendant.

I.    There is testimony which tends to show, and the jury was authorized to find, that during the first half of the year 1895 the defendant paid to the prosecutrix considerable attention, frequently being in her company two or three times in a week, waiting upon her to parties, and attending her from church, usually at night, and conducting himself as her suitor. Several witnesses testified that they had heard the defendant say that he had had sexual intercourse with her. The defendant offered evidence to show that, before and at the time of the alleged seduction, the prosecutrix was

receiving the attentions of one Guy Castner, and that he may have been the father of her child. The defendant complains of the refusal of the court to permit him to show that Castner not only paid to the prosecutrix the attention of a suitor prior to the alleged seduction, but that he continued to do so after that time, and during the remainder of the year. The complaint is based in part upon a misapprehension of the record. The court permitted the defendant to show the relations which existed between Castner and the prosecutrix both before and after the time of the alleged seduction, although it did sustain objections to some of the evidence which was designed to show their conduct towards each other after that time. In sustaining such objections, the court did not, we think, err. There was nothing in that which the defendant proposed to show in regard to what occurred between Castner and the prosecutrix after the seduction is alleged to have been accomplished which could tend to explain what took place before. If the prosecutrix accepted the attentions of another suitor after that time, that fact would not tend to show that the defendant was not her suitor before, for it is not claimed by any one that he continued his attentions more than a short time after the prosecutrix submitted herself to him. If she was guilty of improper conduct after that time, that fact would not tend to show him to be innocent of the offense charged, for it might be one of the results of the ruin he had wrought. The district court rightly permitted the defendant to prove the relations which existed between the prosecutrix and Guy Castner before and at the time of the alleged seduction. The defendant was also permitted to show that during the year 1895 he paid much attention to Miss Castner. The cases of *State v. Brown*, 86 Iowa, 121; *State v. Baldoser*, 88 Iowa, 62; and *State v. Mackey*, 82 Iowa, 394, upon which the appellant relies,

do not authorize more than the district court permitted him to prove. In the case last cited, it was held that proof of acts of sexual intercourse subsequent to the one by which the seduction was alleged to have been accomplished was competent evidence on the question of the intent with which the first act was committed; but that evidence was unlike any which the district court rejected in this case.

II.    The appellant makes numerous complaints in regard to the rulings of the court on the admission of evidence, and of portions of the charge given. The rulings of the court in regard to evidence were, in most cases, so clearly right that it is not necessary to set them out. If at any time the court erred in excluding evidence offered by the defendant, the error was subsequently corrected, and proper evidence permitted. The charge, so far as it has been called to our attention, was fair to the defendant. The abstract of the defendant shows that he asked the court to make of record certain statements alleged to have been made by the attorney for the state during the trial, and in argument to the jury. The court refused to do so, on the ground that the alleged statements were not made, and bystanders thereupon made affidavit to the effect that they were made. If the district court was in error, and the bystanders were correct as to what was said, we should not be disposed to disturb the judgment of the court on that ground. It is claimed that the county attorney denounced the manner in which the defense had been conducted. If he did so, it was not without reason. Questions were persistently asked in behalf of the defendant on cross-examination of witnesses, and at other times, which were so manifestly improper that it is surprising that able and conscientious attorneys should have persisted in asking them.

III.    We do not find any ground upon which the judgment of the district court should be disturbed

There was conflict in the evidence respecting the conduct of the prosecutrix and her relations with Guy Castner, as well as in regard to other matters, which was properly submitted to the determination of the jury. That the prosecutrix was indiscreet in many things before the alleged seduction is quite probable, but the evidence to establish the guilt of the defendant is ample, and there is no apparent reason why he should not suffer punishment for his crime. The judgment of the district court is AFFIRMED.