CASE 55—INDICTMENT FOR SEDUCTION—Sept. 24.

# Commonwealth v. Hodgkins.

### APPEAL FROM DAVIESS CIRCUIT COURT.

DEFENDANT ACQUITTED AND COMMONWEALTH APPEALS. OPINION CERTIFIED.

CRIMINAL LAW—SEDUCTION—SUBSEQUENT CONDUCT OF PROSECUTING WITNESS AS DEFENSE.

Held: Under Kentucky Statutes, section 1214, prescribing a penalty for the offense of seduction under promise of marriage, and providing that no prosecution shall be instituted when the person charged shall have married the girl seduced, an offender can not escape punishment by showing that the prosecuting witness subsequently had intercourse with another.

LAVEGA CLEMENTS, COUNTY ATTORNEY, AND ROBT. J. BRECKIN-
RIDGE, ATTORNEY-GENERAL, FOR COMMONWEALTH.

The evidence in this case showed that the defendant, Hodg-
kins, seduced the prosecuting witness under promise of mar-
riage; that she was then a chaste woman, eighteen years of
age, and that he continued his intimacy with her until she
became pregnant, and repeated his promise to marry her after
he knew she was pregnant.

The court permitted evidence to be introduced by the de-
fendant that, after her seduction by defendant and before the
birth of her child, one Libbs, a chum of defendant, took a
drive with her, driving defendant's horse, and, on that occa-
sion, forcibly had intercourse with her, and only the one
time.

Upon this evidence the court gave the jury peremptory in-
structions to find the defendant not guilty, which we claim was
error, and for this error ask a reversal. Am. & Eng. Ency.
of Law, vol. 21, p. 1048; State v. Brassfield, 51 Am. Rep., 234.

SWEENEY, ELLIS & SWEENEY, FOR APPELLEE.

The court is confronted with the proposition whether or not,
a female, claiming to have been seduced under a promise of
marriage and afterwards is guilty of prostitution with another,
comes within the class of persons intended to be protected by
section 1214, Kentucky Statutes.

This court has correctly established the doctrine that spe-
cific acts of unchastity may be shown in prosecutions like the
case at bar, and, under the proof in this case, the lower
court could not do otherwise than sustain the defendant's mo-
tion for a peremptory instruction to find him not guilty.

AUTHORITIES.

Ky. Stats., sec. 1214; State v. Brassfield, 81 Mo., 151; Brown
v. Com., 102 Ky., 227; Com. v. Wright, 16 Ky. Law Rep.,
251.

OPINION OF THE COURT BY JUDGE DuRELLE—REVERSING.

Appellee, having been indicted under section 1214 of the
Kentucky Statutes, at the conclusion of the Common-
wealth's testimony, moved the court for a peremptory in-
struction to the jury to find him not guilty, which motion
was sustained, and the Commonwealth has appealed. Sec.

tion 1214 provides: "Whoever shall, under promise of marriage, seduce and have carnal knowledge of any female under twenty-one years of age, shall be guilty of a felony, and upon conviction thereof, shall be confined in the penitentiary not less than one year nor more than five years. No prosecution shall be instituted when the person charged shall have married the girl seduced; and any prosecution instituted shall be discontinued, if the party accused marry the girl seduced before final judgment." The prosecutrix, upon direct examination, testified to facts which would have amply justified the submission of the case to the jury, viz.: that appellee seduced her under promise of marriage, and by means of such promise; that at the time of the seduction she was 18 years old, unmarried, and chaste; that he repeatedly visited her after the seduction, and renewed his promise; and that he renewed it after she became with child by him, but had finally refused to marry her. But she admitted that several months after the seduction, appellee met her in company with one Libbs, a friend of his, and after some persuasion she took a drive in Libbs' buggy, to which appellee's horse had been hitched, and in the course of the drive Libbs had carnal knowledge of her by force; that she made outcry at the time, but did not then or thereafter report the fact. She, however, admitted the fact of her connection with Libbs upon this one occasion to appellee, upon his charging her with it.

The circuit court seems to have sustained the motion for a peremptory instruction upon the theory that a prosecution for this offense is analogous to an action for a breach of promise of marriage, and that anything which would relieve a defendant in such an action would relieve him of the consequence of his offense under this section. The court also seems to have assumed that the statement

of the prosecutrix to the effect that Libbs' connection with her was forcible was entirely destroyed by her admission that she made no complaint. Without considering the latter question, we are clearly of opinion the court was in error as to the construction of the statute. The statute is not a mere means of compelling specific performance of a contract to marry under which seduction has been accomplished. Its object is to protect the virtue of young girls. It undertakes to accomplish that by the imposition of a penalty. For the benefit of the injured party, a *locus penitentiae* is given to the offender, so that by making amends, as far as may be, for his wrong, he may be relieved of its consequences. This court has held that if he offers to marry her, she can not by refusal deprive him of the benefit of the statutory proviso. Com. v. Wright (16 R., 251) 27 S. W., 815. But it is going too far to say that her subsequent conduct, possibly or probably induced by his offense, and possibly or probably by his collusion, can relieve him from the penal consequences of crime. The statute is not a mere attempt to enforce a certain class of contracts; it is legislation to suppress crime. By his violation of the statute, he subjected himself to the penalty denounced, and he can escape that penalty in the mode provided by the statute, and in no other.

No question is presented here as to the admissibility of testimony of unchaste conduct on the part of the prosecutrix soon after the alleged offense, as the evidence upon that subject was introduced by the prosecution.

For the reasons given, this opinion is ordered to be certified to the circuit court.