(No. 12270.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH CLEMENT *et al.* Plaintiffs in Error.

*Opinion filed December 18, 1918.*

1. CRIMINAL LAW—*what admissible in prosecution for larceny and receiving stolen property.* In a prosecution for larceny and receiving stolen property, where the defendants were caught by a policeman in the act of dividing the money from two pocket-books, the pocket-books and two receipts and a dollar bill which the defendants had attempted to throw away or conceal are admissible in evidence.

2. SAME—*what offer of proof by State's attorney is not prejudicial.* In a criminal case, an offer by the State's attorney to give in evidence a small bottle containing a whitish substance which it is claimed the defendant tried to conceal in the patrol wagon is not prejudicial as tending to create the impression that the defendant was a dope fiend, where the court refused to admit the bottle in evidence and no evidence as to its contents was given.

3. SAME—*when instruction defining accessory is proper.* Where the evidence tends to show that the two defendants in a criminal case were aiding and abetting each other in stealing pocket-books and dividing their contents, it is proper to give an instruction stating the statutory definition of an accessory, who is to be considered as a principal and punished accordingly.

4. SAME—*what is not an improper remark by State's attorney.* In a criminal case, where there is no evidence whatever contradicting the case made by the People, a statement by the State's attorney that the evidence has not been contradicted is not an unwarranted reference to the failure of the defendants to testify.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. HENRY GUERIN, Judge, presiding.

STEDMAN & SOELKE, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, . MACLAY HOYNE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, and E. A. PRINDIVILLE, of counsel,) for the People.

Mr. Justice Cartwright delivered the opinion of the court:

The plaintiffs in error, Joseph Clement and Adam Rohr, were found guilty in the criminal court of Cook county upon an indictment charging them with the larceny of $21, then and there found, etc., and with receiving said stolen money. The jury found the age of Clement to be fifty-four years and of Rohr twenty-four years, and accordingly Clement was sentenced to the penitentiary and Rohr to imprisonment at Pontiac.

At the conclusion of the evidence for the People the defendants were content to submit the issue upon that evidence without contradiction and offered no evidence. The following facts were proved: George Banchui, a merchant living at Indiana Harbor, Indiana, came to Chicago on January 9, 1918, and made two purchases of goods, for which he paid and obtained receipts, which he put in his pocket-book, which also contained $21 in currency. At about 5:30 in the afternoon he left the business district and took a car to go to a friend's house on Fullerton avenue. He did not know the names of the streets but transferred to an Ashland avenue car, and when he got on that car a large crowd got on with him. The pocket-book was in his hip pocket, and while standing in a crowd in the car he felt for his pocket-book and it was gone. He looked around and saw the defendant Clement standing in the crowd about him but did not see the defendant Rohr. It was a little after six o'clock, and about the same time two policemen saw the defendants at the crossing of Madison and Paulina streets. It was the rush hour and there were about fifty or sixty passengers standing around there at the crowded corner, waiting for cars. Rohr was coming out of a crowded street car when Clement said to him, "Here comes another car." The defendants mingled with the crowd, and when most of the passengers had boarded the cars and gone the defendants went to a saloon on the corner and the policemen fol-

lowed them. The defendants went into a toilet room, where there was a wash bowl on one side and two compartments on the other, in one of which there was a seat and flush-bowl and in front of which there was a door about seven feet high. The defendants went into the compartment where the seat and flush-bowl were and bolted the door. One of them said to the other, "How much do you want out of this one?" and the other said, "Ten dollars." One of the policemen heard this and called the other, who climbed on the wash bowl and looked over the door and saw Clement handing Rohr money. He ordered them to open the door and they dropped a dollar bill and the two receipts in the bowl. The door was opened and the officer reached down in the bowl and picked up the two receipts and the dollar bill that were in the water. Clement made a movement with his foot on the floor as if kicking something out of the way, and one of the officers reached down and picked up two pocket-books from behind the bowl. One pocket-book belonged to Banchui and had contained receipts and money, and the other contained an addressed card with the name "Reisch" on it. Banchui had a dollar bill in the pocket-book, but naturally he did not know whether the bill found in the flush-bowl was the same or not.

It is argued that this evidence was insufficient to sustain the conviction because the possession of the stolen property by the defendants was not proved, and there was no sufficient proof that larceny was committed or that the defendants were connected with the alleged larceny or receiving the stolen property. Counsel say that the pocket-book might accidentally have dropped or slipped from the pocket of Banchui and have been picked up by some other person and carried to the toilet, which was maintained by the saloon-keeper for the accommodation of his patrons and was accessible to many others besides the defendants. Whatever imaginary state of facts might be conceived of as suggested by counsel, what actually happened is shown by the evi-

dence and establishes the guilt of the defendants beyond controversy. While the toilet room was maintained by the saloon-keeper for the legitimate uses of his patrons, it was not provided for the accommodation of pick-pockets and the division of plunder. Any inference that the pocket-book was lost and picked up by some other person, who carried it into the toilet and threw away the dollar bill with the receipts, is inadmissible.

It is contended that the court erred in admitting in evidence the receipts, the dollar bill and the two pocket-books. There was no error as to either. The receipts and the dollar bill were dropped in the flush-bowl by one of the defendants and Clement attempted to kick out of the way the two pocket-books that were on the floor. It was a fair inference that the Reisch pocket-book had also been stolen and that the defendants were engaged in picking pockets,— a fact which all the evidence tended to prove.

It is further urged that the conduct and remarks of the State's attorney were very improper. It was claimed that Rohr tried to conceal something in the patrol wagon, and the State's attorney produced a small bottle containing some white substance, found upon the floor of the patrol wagon. There was no evidence or any statement of what the white substance was, and the court excluded the offer of the bottle. Counsel say that the bottle contained morphine and the purpose was to create the belief that Rohr was a dope fiend. The exclusion of the bottle was proper, and as there was no evidence what it contained the offer could not have prejudiced the defendant Rohr.

In the argument to the jury by the State's attorney there were very frequent objections, which were overruled. The State's attorney was merely arguing from the evidence that the defendants were guilty and nothing improper was said. The fact that he said there was not one scintilla of evidence to contradict the State's case was not an unwarranted reference to the failure of the defendants to testify. It was

his undoubted right to direct the attention of the jury to the fact that the evidence for the People was uncontradicted.

Objection is made to the giving of instructions numbered 1 and 4. No. 1 gave the statutory definition of an accessory, who is to be considered a principal and punished accordingly. The evidence was that the two defendants were aiding and abetting each other in stealing pocketbooks and dividing the proceeds. It was proper that the jury should know the law under such state of facts. Instruction No. 4 stated the correct rule as to the possession of stolen property soon after the commission of an offense. It used the word "robbery" or "burglary," which did not apply to the case, but the rule stated was correct and could not have misled the jury.

The court did not err in refusing instructions 18 and 19 offered by the defendants. Instruction 18 was an argument based on a possibility having no foundation in the evidence, and instruction 19 was not in accordance with the law.

The judgment is affirmed.          *Judgment affirmed.*