# Richmond

## JOHN ELLIOTT V. COMMONWEALTH OF VIRGINIA.

February 20, 1939.

Record No. 1983.

Present, All the Justices.

The opinion states the case.

*Moore & Williams* and *Burnett Miller,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

CAMPBELL, C. J., delivered the opinion of the court.

This write of error is to a judgment convicting the accused, John Elliott, of house-breaking.

It appears that on the night of October 21, 1937, a certain store house, or meat house of A. P. Osborne was broken into and a number of hams valued at $150 were stolen therefrom. There was a trial by a jury and the punishment of the accused was fixed at three years confinement in the State penitentiary. Relying upon his plea of not guilty, supported

by the presumption of innocence until his guilt was proven beyond a reasonable doubt, the accused did not testify in the case.

It is conceded that the evidence presented by the Commonwealth, if believed, is sufficient to sustain the verdict of the jury.

The only assignment of error which merits consideration is the refusal of the court to declare a mistrial for the admitted violation of section 4778 of the Code, by the attorney for the Commonwealth in his closing argument to the jury. In the trial of the case, one Enoch Dodson, testifying as a witness for the Commonwealth, had implicated the accused in the crime charged in the indictment. In emphasizing the evidence of Dodson, the attorney for the Commonwealth pointed his finger at the accused and said: "The defendant has not denied what Enoch Dodson said." Counsel for the accused promptly objected to this statement and moved that a juror be withdrawn and a mistrial ordered.

This motion the court overruled, stating to the jury that the defendant was not required to take the witness stand, nor to introduce any evidence, because the Commonwealth of Virginia must prove him guilty beyond a reasonable doubt of the crime with which he is charged; that the defendant's failure to testify cannot be taken against him or held to prejudice his case.

The question presented is whether the court committed reversible error in overruling the motion of the accused to declare a mistrial because of the illegal argument of the attorney for the Commonwealth.

Section 4778 of the Code reads as follows:

"In any case of felony or misdemeanor, the accused may be sworn and examined in his own behalf, and if so sworn and examined, he shall be deemed to have waived his privilege of not giving evidence against himself, and shall be subject to cross-examination as any other witness; but his failure to testify shall create no presumption against him, nor be the subject of any comment before the court or jury by the prosecuting attorney."

■ In this Commonwealth the common law of England continues in full force, except in those respects where it has been altered by the General Assembly. Code, section 2.

■ At common law, one accused of crime and put upon trial could not be called as a witness and compelled to give evidence against himself, nor was he permitted to testify in his own behalf. When confronted with his accuser, he had the inalienable right to rely upon the presumption of innocence vouchsafed him by the law, and to cast upon the State the burden of proving his guilt beyond a reasonable doubt.

While this rule offered the accused protection to a great degree from unwarranted accusations, it did not conclude the inference of guilt which might be drawn by the jury from the failure of the accused to testify in his own behalf.

■ In the enactment of section 4778, *supra,* the legislative intention was, in our opinion, to change the common-law rule and to extend to the accused the privilege of testifying in his own behalf, to prohibit the representative of the Commonwealth from commenting upon the failure of the accused to testify, and to admonish the jury that it could not base a presumption of guilt against the accused by reason of his failure to testify.

While the question presented, *viz.,* the violation of a mandatory statute, is one of first impression, this court has ruled repeatedly upon questions of a similar nature. In *Wilson* v. *Commonwealth,* 157 Va. 962, 162 S. E. 15, 16, it appears that the attorney for the Commonwealth violated section 6211 of the Code by calling the wife of the accused as a witness for the Commonwealth. That section provides, *inter alia,* "but neither (husband nor wife) shall be compelled, nor without the consent of the other, allowed to be called as a witness against the other," etc.

In reversing the action of the trial court sustaining the verdict of the jury, the court said:

"The evil which the legislature sought to correct is exemplified in the case at bar, *viz.,* The intentional effort of the attorney for the Commonwealth to force the accused to

object to the introduction of his wife as a witness against him, and thus, perhaps, have the jury place upon him the odium of seeking to prevent a fair investigation of the transaction. An accused should not, by wilful act, be placed in such an attitude before the jury by the representative of the Commonwealth whose duty to prosecute one accused of crime is coexistent with his duty to see that the accused is accorded a fair and impartial trial."

In *Blair* v. *Commonwealth,* 166 Va. 715, 185 S. E. 900, the accused, charged with attempted rape, exercised his prerogative under section 4778, and upon his trial declined to testify. After the introduction of evidence, the instructions to the jury and the argument of counsel, one of the jurors asked the court if the jury could have the benefit of the defendant's testimony. In the face of the dilemma occasioned by this request, the court and the attorneys permitted the accused to testify, without first warning the jury that the accused could stand mute if he desired, and such silence would raise no presumption against him.

There was no doubt of the guilt of the accused, as shown by the following facts embodied in the opinion:

"Lucille Speight, a white girl, sixteen years of age, was passing along Brambleton avenue at the edge of the vacant lot when she was seized from behind by the accused. He seized her by the throat and threw her to the ground at the edge of the sidewalk. Approximately one minute after the attack had begun, according to her testimony, an officer approached them and as he approached he asked, 'What is going on out there?' to which question the accused stated, 'You know what she did to me?' to which the officer said, 'I do not care what she did, get up.' The accused then got up and ran west on Brambleton avenue and was pursued by the officer and when he failed to stop upon being requested to do so, the officer shot at him but he escaped. Several hours later he was found in bed in a rooming house, and, according to the testimony of the officer who found him, he was abnormal and appeared to be under the influence of some narcotic. He could not talk coherently."

In reversing the judgment and construing section 4778, Mr. Justice Gregory had this to say:

"The object of the statute is to afford the accused an opportunity to testify in his own behalf if he so desires. It is not intended to deprive him of his right to deny his guilt and remain silent. The statute extends to him a privilege which had been theretofore denied. Under it the accused may exercise his privilege and testify or he may stand mute. His liberty of choice must be fully accorded him and must not be the subject of comment. *Price* v. *Commonwealth,* 77 Va. 393; *Miller* v. *Commonwealth,* 153 Va. 890, 149 S. E. 459, 68 A. L. R. 1102.

\*   \*   \*   \*   \*   \*   \*

"The failure of an accused to testify shall not be the subject of comment. The facts here disclose a case that is quite similar to one where the court or the Commonwealth's Attorney call upon an accused to testify after he has indicated that he elected not to testify. If this should occur it would certainly constitute prejudicial error. Is it less prejudicial for the juror to call upon an accused to testify after he has chosen to remain silent? We think not. The principle is the same. Certainly the effect would not be different. In either event the right of the accused is invaded."

In *Powell* v. *Commonwealth,* 167 Va. 558, 189 S. E. 433, 435, 110 A. L. R. 90, after reviewing previous decisions of this court dealing with similar questions, Mr. Justice Holt said: "While by Code, section 4778, the accused is given the right to testify in his own behalf, this is a privilege extended to him but not a burden imposed. The liberty of choice is with him; he may sit silent without comment and from his conduct no inference is to be drawn."

Numerous authorities have been cited by counsel representing the Commonwealth to sustain the judgment. A careful examination of the cases cited reveals that they are not applicable to the question under review, for the reason that the court in those cases is not dealing with the intentional violation of a prohibitory statute.

The inhibition against comment upon the failure of the accused to testify contained in section 4778 is so positive, so clear and so direct, that we do not have to enter the realm of speculation to discover the intention of the law-makers. In unambiguous language they have said it shall not be done.

There is no exception in the statute which brings it under the saving clause of section 6331 of the Code, which provides that:

"No judgment * * * shall be reversed * * * for any error committed on the trial where it plainly appears from the record and the evidence * * * that the parties have had a fair trial on the merits and substantial justice has been reached * * *." The crux of section 6331 is the language "that the parties have had a fair trial." However conclusively the evidence shows the guilt of the accused, when it is admitted that he has been tried contrary to law, then to hold that he has had a fair trial under the law is a *non sequitur*. The incarnate beast who has confessed the gratification of his lust upon his helpless victim deserves death if legally inflicted, but execution by a mob is not to be condoned on the ground of deserved punishment.

It is argued that the doctrine of harmless error should be here applied. In a criminal prosecution the doctrine of harmless error obtains only when it clearly appears that the accused has had a fair trial according to law and the proof is conclusive of his guilt. If either of these elements be lacking, then an accused has not been accorded the rights guaranteed him under the provisions of the statute and organic law. That the accused, Elliott, was denied a fundamental right cannot be gainsaid.

Was the accused prejudiced by the remarks of the attorney for the Commonwealth? The apt language employed by Mr. Justice Gregory in the *Blair Case, supra,* applies with equal force to the case at bar.

For this court to disregard the plain mandate of section 4778, on the ground that there is sufficient proof to sustain a conviction, would be to nullify the action of the legislature and to deprive the accused of a fundamental

right. The chief concern of the appellate court is not to sit as a jury and determine the guilt or innocence of an accused, but its chief concern is to ascertain whether or not an accused has been accorded a fair and impartial trial according to law.

The judgment of the trial court will be reserved and the case remanded for a new trial.

*Reversed.*

HUDGINS, GREGORY and EGGLESTON, JJ., dissenting.

GREGORY, J., dissenting.

The direct evidence, as well as the circumstantial, points unerringly to the guilt of the accused. In fact, a fair consideration of the evidence leads to the inescapable conclusion that the accused is guilty. Counsel for the accused offered no evidence. The only evidence that we have is that offered by the Commonwealth and it abundantly sustains the conviction.

The Commonwealth's Attorney in his closing argument to the jury commented upon the failure of the accused to testify. He pointed to the accused and said, "the defendant has not denied what Enoch Dodson said." What Enoch Dodson had said implicated the accused in the crime.

Counsel for the accused seasonably objected to this argument and asked for a mistrial but the court refused to declare a mistrial. However, the court immediately orally instructed the jury that the defendant was not required to take the stand, nor to introduce any evidence, and that the defendant's failure to take the stand could not be taken against him or held to prejudice his case. The trial then proceeded.

The majority are of opinion that the court committed reversible error in failing to declare a mistrial on account of the illegal argument of the Commonwealth's Attorney. The objectionable argument clearly violated Code, §4778. We have quite recently considered this statute in *Powell* v.

*Commonwealth,* 167 Va. 558, 189 S. E. 433, 110 A. L. R. 90, and *Blair* v. *Commonwealth,* 166 Va. 715, 185 S. E. 900.

Are we compelled by the statute (§4778) to reverse the judgment of the trial court in this case when we are convinced that the accused is guilty? I think not.

Code, §4778 must be read in connection with §6331. The latter section provides in part that: "No judgment * * * shall be reversed * * * for any error committed on the trial where it plainly appears from the record and the evidence * * * that the parties have had a fair trial on the merits and substantial justice has been reached * * * ."

It has been said of our liberalizing statutes, and especially of §6331, that they are based upon a sound public policy and are supported by the unanswerable logic of the progressive exponents of the best legal thought, with which this court has been in full accord. *Standard Paint Company* v. *E. K. Vietor & Company,* 120 Va. 595, 91 S. E. 752.

We have often said that §6331 was intended to be a very substantial change in the statute of jeofails; that it was intended to render it practically impossible for a case to be reversed on any mere technicality, and to allow all judgments to stand when fairly rendered on the merits, if substantial justice has been reached. The section applies to criminal as well as civil cases. *Smith* v. *Commonwealth,* 168 Va. 703, 190 S. E. 91.

Again in *Virginia Railway & Power Company* v. *Smith,* 129 Va. 269, 105 S. E. 532, 535, we said that it is our purpose to vitalize the provisions of §6331 in its application and administration. In that case this language was used: "Of course, there will always be room for doubt as to whether the right result has been reached when the evidence has been in serious conflict; but in causes triable and tried by juries 'substantial justice' in a legal sense has been attained when litigants have had one fair trial on the merits; * * *."

I am of the opinion that the violation of the statute (§4778) by the Commonwealth's Attorney would constitute prejudicial and reversible error in a doubtful case, but in a case where all of the evidence clearly points to the guilt of

the accused, and no prejudicial error is shown by the verdict or otherwise, and where it is not probable that any other verdict than one of guilt could be sustained, the error would be harmless and not sufficient for a reversal of the judgment.

In the case at bar the accused was not prejudiced by the remarks of the Commonwealth's Attorney. The court promptly told the jury to disregard them. Substantial justice has been reached upon the merits of the case and it should be affirmed.

This conclusion is not only consistent with our purpose to sustain judgments fairly rendered upon the merits where substantial justice has been done but it is supported by the weight of authority in other jurisdictions.

In an annotation in 84 A. L. R. at page 795, the majority rule is stated thus: "The weight of authority seems to be that comments of the prosecuting attorney on the failure of the defendant to testify in a criminal case, though highly improper, may under some circumstances work no injury, where the trial judge promptly intervenes, excluding the comments and admonishing the jury to disregard them. In other words, comments of that kind stand on very much the same footing as other improper arguments, and whether they call for a reversal or not depends on whether, after a full consideration of all the circumstances, including the action of the trial judge at the time they were made, the appellate court is of opinion that no prejudice resulted."

Again in the same annotation at page 791, this pertinent language is used and to support it a host of cases is cited: "Misconduct of a prosecuting attorney in commenting on the failure of the defendant to testify does not result in a miscarriage of justice warranting a reversal, when the evidence of the defendant's guilt is clearly established."

See also, 3 American Jurisprudence, Appeal & Error, §1079.

From my review of the cases which have been reversed by this court because of a violation of §4778 I have found that they are cases involving some doubt of the guilt of the

accused. I have been unable to find a Virginia case in which there has been a reversal where all of the evidence introduced clearly disclosed that the accused was guilty. In *Price* v. *Commonwealth,* 77 Va. 393, we refused to reverse the judgment for this reason where the objection was not raised until after the verdict was rendered and it was clearly demonstrated that the accused was guilty, and, therefore, was not prejudiced by the comment.

In the opinion of the majority this case is controlled by the case of *Blair* v. *Commonwealth, supra,* and the statement is made that in the *Blair Case* there was no doubt of the guilt of the accused. With that statement I am unable to agree. There the accused was indicted, tried and convicted of attempted rape and given life imprisonment. At the time the offense was committed Blair was intoxicated from the use of a certain kind of cigarette. This was not only shown by the evidence but conceded by the Attorney General. In addition to that fact, there was serious doubt as to the existence of the elements of the offense. In the majority opinion quotations were taken from the *Blair Case* but this significant language found there was not referred to: "The prosecutrix was returning to her home when she was attacked, she having been to a store where she purchased some eggs. She testified that the accused did not strike her; that he did not attempt to pull up her dress, nor to put his hands upon her limbs or on any other part or parts of her body other than her neck. She further testified that he made no indecent proposals or advances to her and that the only thing he did was to choke her." (*Blair* v. *Commonwealth,* 166 Va. 715, 717, 185 S. E. 900, 901.)

From the evidence in that case there was considerable uncertainty as to whether the accused was guilty of attempted rape. He was unquestionably guilty of an assault.

Another significant distinction is that in the *Blair Case* the court permitted the accused to involuntarily take the stand and required him to testify without advising him of his constitutional right to remain silent. In the present case the court very promptly instructed the jury that they were

not to consider the objectionable remark of the attorney for the Commonwealth and this cured the error.

In *Roller* v. *Commonwealth,* 161 Va. 1104, 172 S. E. 242, 244, the objectionable language of the attorney for the Commonwealth was: "Why didn't he have that good wife of his here to testify as to where he was * * * ." In that case the evidence of guilt was highly conflicting and on that account the judgment was reversed, but we left open the decision of the question where all the evidence points to guilt. We said: "Under the evidence in this case, which, as we have seen, was highly conflicting, and upon which the jury could reasonably have found the accused guilty or not guilty, we will not say that the comments of the assistant prosecutor were not prejudicial to the accused. This is not a case in which the doctrine of harmless error should be applied. We will not presume that the comments were harmless. The plain language of the statute referred to creates an express inhibition and its violation by any prosecuting attorney is a violation of one of the fundamental principles of criminal jurisprudence in this jurisdiction. However, we withhold any decision of the question upon a case where such comment is made and where the evidence points clearly to the guilt of an accused and is substantially free from conflict. In other words, whether in such latter case the accused must show that he was prejudiced by the comments of the prosecuting attorney, we do not decide."

An illustration of the liberality of this court in the application of the doctrine of harmless error in criminal cases is found in the case of *Sullivan* v. *Commonwealth,* 157 Va. 867, 161 S. E. 297, 301. There the accused was tried and convicted of an offense for which he had not been indicted. He had been indicted for an entirely different offense and one which imposed a different punishment; yet Justice Campbell (now Chief Justice) speaking for the court said: "The case, then, is one which calls for the application of Code, section 6331, which forbids this court to reverse any judgment 'for any error committed on the trial, where it plainly appears from the record and the evidence given at the trial that the

parties have had a fair trial on the merits and substantial justice has been reached.' *Walker* v. *Commonwealth,* 144 Va. (648), 651, 131 S. E. 230."

For many years this court has liberally applied the doctrine of harmless error. The opinion of the majority is in effect a backward step. We have no more right to ignore Code, §6331 than we have to ignore Code, §4778. I do not think we should ignore either, but under elementary principles of statutory construction, both sections should be read and construed together.