# Richmond

## Carl Edward Hall v. Commonwealth of Virginia.

April 23, 1973.

Record No. 8087.

Present, All the Justices.

*John W. Wine*, for plaintiff in error.

*Robert E. Shepherd, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

The sole question for decision in this appeal is whether the trial court erred in refusing to grant a mistrial after a Commonwealth witness had improperly testified to an incriminating statement made by the accused. The objectionable testimony was given during the jury trial of Carl Edward Hall for the offense of abduction. Hall was convicted of the charge and sentenced to serve fifteen years in the penitentiary. We granted a writ of error.

It is conceded by the Commonwealth that the incriminating statement was inadmissible because it was made in absence of the *Miranda*[1] warnings. The statement was injected into Hall's trial in this way:

The victim in the case, a young married woman, was abducted by Hall at knifepoint. One of the distinguishing features of the victim's

[1] *Miranda* v. *Arizona,* 384 U.S. 436 (1966).

description of her assailant was a bright orange T-shirt he was wearing. When Hall was arrested by a state trooper the day after the offense, the trooper secured a bright orange T-shirt from Hall's home. When the trooper was on the witness stand, he was asked by the Commonwealth's Attorney to describe the circumstances under which he obtained the shirt. His answer was: "Mr. Hall did state that he did do these things."

Defense counsel objected on the ground that the answer was not responsive to the question asked. The trial court sustained the objection and instructed the jury to "disregard the last remark of the Trooper of what may have been said to him by the accused."

Later, defense counsel moved for a mistrial because of the trooper's testimony relating to the incriminating statement. The motion was overruled. Hall now asks us to reverse his conviction for the refusal of the trial court to grant the motion. We decline for two reasons:

(1) As a general rule, a motion for mistrial must be made at the time an objectionable element is injected into the trial of a case. Here, the motion was not made until after the Commonwealth had rested, the trial court had overruled Hall's motion to strike the Commonwealth's evidence, and the defense had rested. Thus, the motion for mistrial came too late. *Clinton* v. *Commonwealth*, 204 Va. 275, 280, 130 S.E.2d 437, 441 (1963), *rev'd on other grounds*, 377 U.S. 158 (1964); *Crockett* v. *Commonwealth*, 187 Va. 687, 706-07, 47 S.E.2d 377, 386-87 (1948).

(2) The evidence of Hall's guilt, without the incriminating statement, was overwhelming. The jury could have reached only one just verdict—that of guilty. This fact, coupled with the trial court's prompt instruction to the jury to disregard the objectionable testimony, renders any error with respect to such testimony harmless beyond a reasonable doubt. *Chapman* v. *California*, 386 U.S. 18, 24 (1967); *Reid* v. *Commonwealth*, 213 Va. 790, 195 S.E. 2d 866 (1973).

The judgment of the trial court will be affirmed.

*Affirmed.*