## Richmond

WILBERT WASHINGTON, JR. v. COMMONWEALTH OF VIRGINIA.

April 22, 1974.

Record No. 730282.

Present, All the Justices.

*Kevin S. Jones* (*Whitticar, Sokol & Ledbetter*, on brief), for plaintiff in error.

*Robert E. Shepherd, Jr.*, Assistant Attorney General (*Andrew P. Miller*, Attorney General, on brief), for defendant in error.

COCHRAN, J., delivered the opinion of the court.

Wilbert Washington, Jr., was charged with forgery of a check. On his plea of not guilty he was tried and convicted by the trial court, sitting without a jury, and sentenced to serve three years in the penitentiary, with one year of the sentence suspended upon Washington's good behavior for five years. The sole question for our determination in this appeal is whether the trial court committed reversible error in admitting into evidence, over objection, an incriminating statement signed by Washington.

On August 11, 1972, Martha Ann Broyles, secretary at Earl's Food Market in Stafford County, accepted a check in the amount of $110

drawn on Bob Vincent Auto Sales, purportedly signed by Bob Vincent, made payable to "Marty Brooks" and endorsed by the payee. The check, twice deposited by and returned to Earl's Food Market marked "Account Closed", was turned over to State Trooper Richard Southworth for investigation.

At Washington's trial, Trooper Southworth testified that he had forwarded the check to the Federal Bureau of Investigation for examination. Southworth stated that when the Bureau returned the check, he had gone to Washington's home, where Washington, after receiving the warnings required by *Miranda* v. *Arizona,* 384 U.S. 436 (1966), had voluntarily answered questions about the check. The officer further testified that Washington had made incriminating oral statements, which the trooper had reduced to writing and Washington had signed, and that Washington had furnished a handwriting sample, which Southworth had sent to the Federal Bureau of Investigation.

At the conclusion of the direct examination of Trooper Southworth, the Commonwealth's Attorney sought to introduce into evidence Washington's written confession. Washington's counsel objected, presumably on the grounds that the confession was involuntary or obtained in violation of Washington's *Miranda* rights. The trial court then permitted defense counsel to cross-examine Trooper Southworth, after which defense counsel called Washington to testify only as to his confession, expressly reserving Washington's Fifth Amendment right not to testify on the merits. The trial court ruled, over objection, that if Washington took the stand for this purpose, he would take it for all purposes. Washington did not testify, his confession was admitted into evidence over his objection, and the trial proceeded to a conclusion. No evidence was adduced on Washington's behalf.

The trial court erred in ruling that Washington could not testify for the limited purpose of attacking his confession, as indeed the Attorney General concedes. In determining the admissibility of a confession, the trial court must determine from all the evidence on the subject, including that of the accused as well as that of the prosecution, whether the confession was freely and voluntarily made. *Noe* v. *Commonwealth,* 207 Va. 849, 853, 153 S.E.2d 248, 250-51 (1967); *Reid* v. *Commonwealth,* 206 Va. 464, 467, 144 S.E.2d 310, 312 (1965). The accused may testify regarding the confession without thereby waiving his privilege against self-incrimination on the merits of the case. *Enoch* v. *Commonwealth,* 141 Va. 411, 426-37, 126 S.E.

222, 227-30 (1925). Where an accused is being tried by jury, the hearing as to the admissibility of the confession is taken out of the presence of the jury, and the determination is made by the trial court. *Wooden* v. *Commonwealth*, 208 Va. 629, 631, n. 3, 159 S.E.2d 623, 625 (1968).

We cannot agree with the Attorney General's suggestion that the error committed by the trial court was harmless. A conviction cannot stand if an involuntary confession has been improperly admitted into evidence, even if there is sufficient other evidence to support the conviction. *Haynes* v. *Washington*, 373 U.S. 503 (1963). We have held that admission of a confession obtained without compliance with *Miranda* requirements did not constitute harmless error. *Dailey* v. *Commonwealth*, 208 Va. 452, 456, 158 S.E.2d 731, 734 (1968) (also a non-jury trial).

*Reid* v. *Commonwealth*, 213 Va. 790, 195 S.E.2d 866 (1973), and *Hall* v. *Commonwealth*, 213 Va. 736, 195 S.E.2d 882 (1973), cited by the Attorney General, are distinguishable. In *Reid* there were improper references to the defendant's failure to have alleged self-defense at the time of his arrest. The trial court cautioned the jury that the defendant had no duty to make any statement. We affirmed the conviction on the ground that the improper references constituted harmless error beyond a reasonable doubt. *Chapman* v. *California*, 386 U.S. 18 (1967). In *Hall*, an incriminating statement was excluded from evidence because it was made in the absence of *Miranda* warnings. A witness referred to the incriminating statement, defense counsel objected and the trial court sustained the objection and cautioned the jury to disregard the objectionable reference. After both sides had rested the defendant moved for a mistrial. We held that the motion for a mistrial came too late and that any error was harmless beyond a reasonable doubt.

While there was other evidence supporting Washington's conviction, we cannot say that his confession was not critical. It provided the basis for arresting Washington and for obtaining from him the sample of his handwriting. If Washington's testimony had been permitted and had he proved that the confession was involuntary, the error in admitting it would have been reversible. Accordingly, the error in ruling that Washington could not testify for the limited purpose of attacking his confession was not harmless. We must therefore reverse Washington's conviction and remand the case for a new trial.

*Reversed and remanded.*