### Richmond

KENNETH ODELL DUNN

V.

COMMONWEALTH OF VIRGINIA

Record No. 802004

December 4, 1981.

Present: All the Justices.

R. Lecky Stone, Jr. (Fred G. Wood, Jr.; Fred G. Wood, Jr. & Associates, on brief), for appellant.

Eric K. G. Fiske, Assistant Attorney General (Marshall Coleman, Attorney General, on brief), for appellee.

HARRISON, J., delivered the opinion of the Court.

The question presented in this appeal is whether the trial court erred in failing to declare a mistrial when the prosecutor, during closing argument, commented on the defendant's failure to testify.

Charlottesville police suspected that Kenneth Odell Dunn was involved in several arsons committed in the City. During the investigation of a suspicious fire on the night of February 11, 1980, it was learned that Dunn was in the immediate area at the time of the fire. Dunn was located and taken to the police station where he was fully advised of his constitutional rights and interviewed for several hours. In this interview, defendant admitted setting a series of fires in the City and admitted burglarizing and setting fire to a "model home" in Albemarle County. The statement regarding the Albemarle fire was later reduced to writing.

Dunn was subsequently indicted and convicted by a jury of breaking and entering the model home in the nighttime with intent to commit a felony therein, and with committing arson. He was sentenced to terms of seven and one-half years and ten years, respectively, in the penitentiary.

Among the jury instructions initially offered by the Commonwealth was one that read: "The court instructs the jury that the defendant does not have to testify, and his failure to do so cannot be considered by you." The Commonwealth later withdrew this instruction. However, at the request of defense counsel, and upon his offer of the instruction, it was given.

In his closing argument to the jury the Commonwealth's Attorney referred to Dunn's written confession to the crimes and said: "He has not taken the stand, it's uncontradicted that he in fact made the statement that he lit the fire in this model home. . . ." Counsel for defendant immediately objected to this comment and moved for a mistrial. In his response, the Commonwealth's Attorney said he had been interrupted by the objection. He stated that he had planned to continue by pointing out the instruction telling

the jury that it was not to consider the defendant's failure to testify.

The trial court observed that the Commonwealth's Attorney's statement "certainly had all the aspects of a comment by you on [defendant's] failure to testify rather than on the instruction." However, the court overruled defendant's motion for mistrial and gave the following cautionary instruction:

> Members of the jury, a matter has arisen during the closing argument which requires the court to instruct you further and to admonish you on this point. As the instructions indicate the defendant does not have to testify and his failure to do so cannot be considered by you. In addition to that the Commonwealth is not allowed to comment upon the failure of the defendant to testify and the fact that the Commonwealth's Attorney has made a comment is to be disregarded by you and I hereby instruct you specifically to disregard any reference to the fact that the defendant failed to testify. He has a constitutional right to remain silent and that's a very important principle for you to keep in mind, that the failure to testify is not to be considered by you as bearing upon the appropriate verdict in this case. You must base your verdict upon evidence other than that and I want you to disassociate yourselves entirely from the remark as to the defendant's failure to testify. Keep in mind this instruction which says it is not to be considered by you.

■ Counsel for defendant points to the prohibition contained in Code § 19.2-268* and, relying upon *Banovitch* v. *Commonwealth,* 196 Va. 210, 83 S.E.2d 369 (1954), and *Elliott* v. *Commonwealth,* 172 Va. 595, 1 S.E.2d 273 (1939), contends that this Court has adopted the position that any comment by a prosecutor on the failure of the accused to testify is prejudice *per se.* We disagree. While we have recognized that such a comment is improper, we have heretofore declined to adopt a rigid rule that such a statement constitutes prejudice *per se. See Hines* v. *Commonwealth,* 217 Va. 905, 234 S.E.2d 262 (1977).

---

* Code § 19.2-268 affords an accused the opportunity to testify or not, as his interests dictate, and provides that "his failure to testify shall create no presumption against him, nor be the subject of any comment before the court or jury by the prosecuting attorney."

In *Banovitch,* we reversed on other grounds, but in remanding we cautioned that the Commonwealth's Attorney should omit any reference to the failure of the defendant to testify. We said that the requirement of the statute (then Code § 19-238) "must be strictly observed, otherwise a reversal *may* result." 196 Va. at 220, 83 S.E.2d at 375 (emphasis added). And in *Elliott,* we found that the prosecutor intentionally violated the prohibition contained in Code § 4778 (now Code § 19.2-268). 172 Va. at 600, 1 S.E.2d at 275-76.

■ In determining whether error was harmless, we have followed the standard enunciated by the Supreme Court in *Schneble* v. *Florida,* 405 U.S. 427 (1972), and *Chapman* v. *California,* 386 U.S. 18 (1967). We have examined the circumstances of each case to the end that substantial justice be done, and we have found the error to be harmless only where we were able to declare a belief that it was harmless beyond a reasonable doubt. *Reid* v. *Commonwealth,* 213 Va. 790, 195 S.E.2d 866 (1973), *Hall* v. *Commonwealth,* 213 Va. 736, 195 S.E.2d 882 (1973).

■ Dunn confessed that he committed both crimes charged in the indictments. His signed confession was freely made after he was advised of his constitutional rights. Testimony and evidence presented at trial corroborated his statements. At defendant's request, the jury was instructed that he did not have to testify and that it should not consider his failure to do so. This instruction emphasized defendant's failure to testify as effectively as the Commonwealth's Attorney's improper argument. The comment of the prosecutor cannot be construed as a deliberate, intentional effort to prejudice the jury, and it did not emphasize or stress the defendant's failure to testify. Further, the trial judge gave a most comprehensive corrective instruction after the improper comment was made. This instruction directed the jury to disregard the comment and to base its verdict upon the evidence without consideration of the defendant's silence.

We conclude that the jury trying Dunn would not have found the Commonwealth's case significantly less persuasive had the comment by the Commonwealth's Attorney not been made. We find the evidence of defendant's guilt to be conclusive and therefore the comment, although improper, to be harmless.

*Affirmed.*