UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Malveaux and Senior Judge Annunziata
Argued at Alexandria, Virginia

GERALD FRANKLIN DODSON

                                        MEMORANDUM OPINION* BY
v.      Record No. 0396-17-4              JUDGE WILLIAM G. PETTY
                                              JULY 10, 2018
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PAGE COUNTY
Clark A. Ritchie, Judge

Peter K. McDermott, II, Senior Assistant Public Defender, for
appellant.

Liam A. Curry, Assistant Attorney General (Mark Herring, Attorney
General, on brief), for appellee.


Gerald Franklin Dodson was found guilty by a jury of one count of felony eluding the

police, in violation of Code § 46.2-817, and one count of unlawfully driving a motor vehicle

while being under the influence of alcohol, in violation of Code § 18.2-266.  On appeal, Dodson

argues that "[t]he trial court committed reversible error by failing to properly instruct the jury

regarding [his] right to not testify at his preliminary hearing."  For the reason stated below, we

affirm.

BACKGROUND

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

to it all reasonable inferences fairly deducible therefrom." Wells v. Commonwealth, 65 Va. App. 722, 725, 781 S.E.2d 362, 364 (2016) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Investigator Craig Long, of the Page County Sheriff's Office, was driving one evening when Dodson drove his truck close to the rear of Investigator Long's car and then slowed down, returning to a safe distance behind him. Soon after, Dodson passed Investigator Long at an estimated speed of seventy miles per hour. The speed limit in that area was forty-five miles per hour. Investigator Long accelerated to catch up with Dodson and turned on his blue lights and siren. After a high speed chase, Dodson's truck ended up in a field, stuck in the mud. Investigator Long immediately approached the truck and found Dodson sitting in the driver's seat. Investigator Long removed Dodson from the truck, handcuffed him, and placed him in his patrol car. At trial, Investigator Long identified Dodson as being the driver of the truck. Soon after, Virginia State Trooper Brandon Tester arrived on scene to investigate. Trooper Tester testified that Dodson stated repeatedly that he was not the driver of the vehicle.

Dodson was charged with felony eluding a law enforcement officer, in violation of Code § 46.2-817, and driving a motor vehicle while intoxicated, in violation of Code § 18.2-266. The case was certified to the circuit court following a preliminary hearing, at which the defendant did not testify. The case proceeded to a jury trial, where Dodson testified that someone else, "Kenny" (also known as "Pudge"), was actually the driver of the truck. On cross-examination, the following exchange occurred:

> **Prosecutor**: Mr. Dodson, um, I apologize, this is the first time you've ever told this story, is that correct? You've told this to any of the officers?
>
> **Dodson**: I told them I wasn't driving from time one (1).
>
> **Prosecutor**: This part about this guy named is Puggs or Pudge? What's (sic) was his name again?

**Dodson**:  Pudge.

**Prosecutor**:  Pudge.

**Dodson**:  Kenny was his first name.  I don't know his last name.

**Prosecutor**:  His name is Kenny and you had called him Pudge.  Is that correct?

**Dodson**:  Right.

**Prosecutor**:  And this is the first time we've ever heard about it.  You didn't testify in the lower Court about it or anything of that nature, is that correct?

**Dodson**:  Well, no . . . .

**Prosecutor**:  Just answer my question, did you or did you not testify about him in the lower Court?

**Dodson**:  Excuse me, repeat the question.

**Prosecutor**:  Did you or did you not testify in lower Court about an individual named Kenny who was called Pudge that was driving the car.

**Dodson**:  No, they never put me on the stand in lower Court.

Dodson's counsel did not object to this line of questioning.  When the parties and the court were discussing jury instructions, Dodson's defense counsel requested that the court give Instruction 10 regarding the defendant's right not to testify.  Defense counsel stated, "I asked that that be included because [the prosecutor] made a point during questioning about questioning Mr. Dodson about testimony at preliminary hearing.  He doesn't have a duty to testify at preliminary hearing."  The prosecutor made no objection to the wording of the instruction, and the Court agreed to include it.[1]  In defense counsel's closing argument, he stated

> Now, [the prosecutor] at one point made a point about my client didn't testify at the preliminary hearing.  There's another instruction that tells you, defendants are not required to testify and

---

[1] Instruction 10 read, "The Defendant, Gerald Dodson does not have to testify, and exercise of that right cannot be considered by you."

- 3 -

you cannot consider the fact they did not testify at some point as evidence against them. Whether that's here at trial today or that was back in the preliminary hearing.

In his rebuttal argument, the prosecutor stated,

What you have here is a situation where Mr. Dodson's story doesn't make any sense. It's impossible. And Mr. Dodson doesn't have to testify, that's correct. But there's no Kenny at the first hearing, there's no Kenny before that. This the first time I've ever heard of this Kenny person.

Defense made no objection to the prosecutor's statements. The jury subsequently found the defendant guilty on both charges. Dodson's trial counsel was later withdrawn, and new counsel filed a motion to set aside the verdict and sentence for a new trial on the basis of the comments the prosecutor made about Dodson testifying at the preliminary hearing. The motion was denied, and this appeal followed.

ANALYSIS

Dodson argues the trial court erred in failing to properly instruct the jury regarding Dodson's right to not testify at his preliminary hearing. According to Dodson, the Commonwealth improperly commented, both in cross-examination and in rebuttal closing argument, about Dodson not testifying. Specifically, "when the Commonwealth continued to raise the issue after the jury had been instructed not to consider it, the trial court should have further instructed the jury to disregard the Commonwealth's improper argument." Dodson argues that "the instructions were insufficient to address the improper questioning and argument regarding [Dodson's] refusal to testify at his preliminary hearing." Because this issue was not properly preserved, we are procedurally barred by Rule 5A:18 from considering it.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

- 4 -

"The purpose of the contemporaneous objection rule embodied in Rule 5A:18 is to inform the trial judge of the action complained of in order to give the judge the opportunity to consider the issue and to take timely corrective action, if warranted, in order to avoid unnecessary appeals, reversals and mistrials." Robinson v. Commonwealth, 13 Va. App. 574, 576, 413 S.E.2d 885, 886 (1992).

Here, Dodson requested Instruction 10 and made no objection when it was subsequently given. Furthermore, Dodson made no objection either during cross-examination or during closing arguments when the prosecutor made reference to Dodson's not testifying at the preliminary hearing. All the more, Dodson never requested that the court "further instruct[] the jury to disregard the Commonwealth's improper argument." The record is clear that the jury was instructed, counsel gave their closing arguments, and Dodson never put any further jury instruction issue before the court. Therefore, the trial court was not given the opportunity to consider the issue. See id. Accordingly, the issue was not preserved.

Nevertheless, Dodson argues that the issue was raised at the earliest possible time and while the court had an opportunity to act to correct the error. Dodson argues that he "was unable to object with more specificity because the actions and omissions of the trial court and the Commonwealth made it impossible to meaningfully object at the time of the Commonwealth's improper act, which triggers the legislative safeguards set forth in Va. Code § 8.01-384."

Code § 8.01-384(A) provides, in pertinent part,

> Formal exceptions to rulings or orders of the court shall be unnecessary; but for all purposes for which an exception has heretofore been necessary, it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection shall not thereafter prejudice him on motion for a new trial or on appeal.

As the Supreme Court held in <u>Maxwell v. Commonwealth</u>, 287 Va. 258, 265, 754 S.E.2d 516, 519 (2014), however, it must be clear that the appellant had no opportunity to object. In <u>Maxwell</u>, the court ruled outside the presence of the appellant, so he had no opportunity to state his objection. <u>Id.</u> at 262-63, 754 S.E.2d at 517-18. On the contrary, in this case, Dodson and his counsel were present for the entirety of the prosecutor's inappropriate statements, but failed to state any objection.

Furthermore, although Dodson presented the trial court with the argument he raises on appeal in his motion to set aside the verdict, this came too late to preserve the contention for appeal. As our Supreme Court has held: "No objection was made . . . until argument by [defense] counsel on the motion to set aside the verdict. Thus, the objection came too late for any error to be corrected by the trial court, and for the error, if any, to constitute reversible error." <u>Ryan v. Commonwealth</u>, 219 Va. 439, 447, 247 S.E.2d 698, 704 (1978); <u>see also</u> <u>Boblett v. Commonwealth</u>, 10 Va. App. 640, 651, 396 S.E.2d 131, 137 (1990) (holding that an issue was waived because a contemporaneous objection was not raised at trial); <u>Carter v. Nelms</u>, 204 Va. 338, 343, 131 S.E.2d 401, 404 (1963) (holding that an issue was raised too late when it was first objected to in a motion to set aside the verdict).

The statements of the prosecutor concerning Dodson's decision not to testify at the preliminary hearing were clearly prohibited.[2] Nevertheless, Rule 5A:18 prevents us from addressing that issue because it was not properly preserved.

---

[2] At oral argument, the Attorney General conceded that the prosecutor's comments were objectionable. We agree.

> As a general rule, any comment that the Commonwealth's Attorney made referring to the defendant's election not to testify is a violation of his right against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution, <u>Griffin v. California</u>, 380 U.S. 609, 615 (1965), and Article I, Section 8 of

ENDS OF JUSTICE EXCEPTION DOES NOT APPLY

In the alternative, Dodson argues that even if the Court finds that the issue was not properly preserved, we should consider it because the "good cause" and "ends of justice" exceptions to Rule 5A:18 apply. We disagree.

In this case, Dodson's defense counsel asked the trial court to give Instruction 10, the court agreed, and nothing more was said about it. "'In order to avail oneself of the [ends of justice] exception, [an appellant] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). To satisfy this burden, "the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." Id. at 221-22, 487 S.E.2d at 273. "Therefore, 'in examining a case for miscarriage of justice, we do not simply review the sufficiency of the evidence under the usual standard, but instead determine whether the record contains affirmative evidence of innocence or lack of a criminal offense.'" Wheeler v. Commonwealth, 44 Va. App. 689, 692, 607 S.E.2d 133, 135 (2005) (quoting Lewis v. Commonwealth, 43 Va. App. 126, 134, 596 S.E.2d 542, 546 (2004), rev'd on other grounds, 269 Va. 209, 608 S.E.2d 907 (2005)). There is nothing in the record to indicate that Dodson was

---

the Constitution of Virginia and as explicated in Code § 19.2-268, Elliott v. Commonwealth, 172 Va. 595, 598-601, 1 S.E.2d 273, 274-76 (1939). A comment is constitutionally and statutorily forbidden if "'the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.'" Hines v. Commonwealth, 217 Va. 905, 907, 234 S.E.2d 262, 263 (1977) (quoting Knowles v. United States, 224 F.2d 168, 170 (10th Cir. 1955)).

Powell v. Commonwealth, 261 Va. 512, 539, 552 S.E.2d 344, 359-60 (2001).

convicted for conduct that was not a criminal offense or that an element of the offense did not occur.[3]

Additionally, it is clear from the record in this case that Dodson requested the jury instruction for which he now assigns error. To be sure, "[a] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory. Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong." Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006). "The approbate-reprobate doctrine is broader and more demanding than Rule 5A:18. The very fact that [Dodson] 'invited the error' . . . renders Rule 5A:18's ends-of-justice exception inapplicable." Alford v. Commonwealth, 56 Va. App. 706, 709, 696 S.E.2d 266, 267-68 (2010). Thus, Dodson cannot request a jury instruction, have it given, make no further objection, and then argue on appeal that the court improperly instructed the jury.

CONCLUSION

Because Dodson failed to preserve the issue for appeal, the issue is barred by Rule 5A:18 and we will not address it.

Affirmed.

---

[3] Given the testimony of Investigator Long and Trooper Tester, the evidence that Dodson was the driver of the truck was overwhelming even in light of Dodson's self-serving protestations to the contrary.