COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Bray and Overton
Argued at Norfolk, Virginia


RICHARD EARL ASKEW

                                        MEMORANDUM OPINION[*] BY
v.          Record No. 1555-95-1   JUDGE JERE M. H. WILLIS, JR.
                                        SEPTEMBER 24, 1996
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                        Dennis F. McMurran, Judge

            Brenda C. Spry, Deputy Public Defender, for
            appellant.

            Margaret Ann B. Walker, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


        Richard Earl Askew contends on appeal that the evidence is
insufficient to support his conviction of assault and battery.
We disagree and affirm the judgment of the trial court.

        "On appeal, we review the evidence in the light most
favorable to the Commonwealth, granting to it all reasonable
inferences fairly deducible therefrom." Martin v. Commonwealth,
4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The trial
court's finding can be disturbed on appeal only if we find as a
matter of law that the victim's testimony was "inherently
incredible, or so contrary to human experience as to render it
unworthy of belief." Fisher v. Commonwealth, 228 Va. 296, 299,
321 S.E.2d 202, 204 (1984).  "For evidence to be incredible 'it

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" Cardwell v. Commonwealth, 209 Va. 412, 414, 164 S.E.2d 699, 701 (1968) (citations omitted).

On January 17, 1994, Askew went to the home of his former girlfriend, Sherry Bivens. He had been drinking alcohol and wanted to talk to her about resuming their relationship. Ms. Bivens testified that when she refused to speak with him, he entered her trailer and began striking the top of her head with his fist.

Ms. Bivens testified that Askew beat her for twenty minutes, until she almost passed out, and that he stopped only because someone knocked on the door. When he went to the door, she called 911. Askew subsequently returned and resumed beating the top of Ms. Bivens' head.

When the police arrived, they heard yelling inside. Ms. Bivens told the police that she wanted Askew to leave. Officer Butler testified that he saw no blood on Ms. Bivens, but that he did not examine her for injuries and could not recall whether she was coherent.

As a result of the beating, Ms. Bivens was very weak, could not extend fully her left arm, and began dragging her left leg. On January 31, a neighbor discovered her condition and called 911. Ms. Bivens was operated on to remove a blood clot on her

- 2 -

brain.

Askew contends that the trial court erred in overruling his motion to strike the evidence. He argues that Ms. Bivens' testimony was contrary to the other evidence before the court and was inherently incredible. Askew testified that he had spent a "nice day" with Ms. Bivens until the police arrived and that he had never struck her.

The fact finder was entitled to believe Ms. Bivens. "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). The trier of fact "has the opportunity to observe the witnesses' demeanor while testifying, to consider their interest in the outcome of the case, and to determine from all the circumstances of the case which witnesses are more believable." Gray v. Commonwealth, 233 Va. 313, 344, 356 S.E.2d 157, 174, cert. denied, 484 U.S. 873 (1987).

Ms. Bivens' testimony was not inherently incredible and was sufficient to prove beyond a reasonable doubt that Askew committed assault and battery. Any inconsistencies were for the fact finder to consider and do not render her testimony inherently incredible. Ms. Bivens testified that Askew repeatedly struck the top of her head with his fists. She called 911 at the first opportunity. Her testimony that Askew hit the top of her head is not inconsistent with Officer Butler's

testimony that he observed no bruises on Ms. Bivens.  Bruises to the top of the head would not be visible without close examination, and Officer Butler testified that he did not examine Ms. Bivens.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>