UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, Chafin and Decker
Argued at Norfolk, Virginia

GARY L. WILLIAMS

MEMORANDUM OPINION* BY
v.      Record No. 0445-16-1          JUDGE ROSSIE D. ALSTON, JR.
                                      JULY 11, 2017

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Junius P. Fulton, III, Judge

Allen D. Zaleski (Protogyrou & Rigney, P.L.C., on brief), for
appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Mark R. Herring, Attorney General, on brief), for appellee.

Gary L. Williams (appellant) appeals his convictions for robbery in violation of Code

§ 18.2-58 and use of a firearm in the commission of a felony in violation of Code § 18.2-53.1.

Appellant argues that the trial court erred in denying appellant's motion to strike, and abused its

discretion when it allowed two audio recorded jail calls into evidence. We disagree, and affirm

the decision of the trial court.

BACKGROUND

On December 8, 2011, Shannon Crumpler got off of a bus after working her shift at an IHOP

restaurant around 6:40 a.m. An assailant came up behind her wearing a hat, hood, and

windbreaker, put a gun to her head, and told her to give him her bag. The bag contained an MP3

music player, a change of clothes, Crumpler's identification, and a cell phone. Crumpler

testified at trial that she complied with the assailant's demand because he had a gun and she was

---

*Pursuant to Code § 17.1-413, this opinion is not designated for publication.

afraid. She also stated that she could only see her attacker's face from the eyes down. The assailant then told Crumpler to run as fast as she could, and to count to one hundred before turning around. Crumpler took several steps toward home and then turned around, but she did not see anyone. On December 14, 2011, investigators showed Crumpler a photo array of potential suspects. According to Nathan Ford, a member of the Norfolk Police Department who showed Crumpler the photo array, Crumpler "immediately" picked out appellant's picture.

A jury trial took place from November 18 to November 20, 2014. Jason Dooley, a robbery investigator with the Norfolk Police Department, testified that when he searched appellant's residence he found a jacket with a gun in the pocket that matched the description of the weapon used by Crumpler's attacker. He also found Crumpler's cell phone. Jacqueline Lawrence, the woman appellant lived with, testified that she did not know where the cell phone came from. After the Commonwealth rested its case, appellant made a motion to strike the evidence. The trial court found that the Commonwealth established a *prima facie* case as to the two charges against appellant, and denied his motion to strike.

Appellant's wife, Karyz Williams, testified that she "did not remember where [she and appellant] stayed on the night of [December] 7th into [December] 8th." She further testified that appellant was with her twenty-four hours a day after they got married on December 1, 2011, until December 14, 2011, "besides when he had to leave in the morning to go to get his son and put him on the bus." During Karyz Williams' cross-examination, the Commonwealth played the audio of two jail calls between appellant and his wife. Appellant objected, arguing that the Commonwealth's rationale for playing the tape was "to show the evil mind of [appellant] as he was attempting to tell [his wife] what to say." The trial court allowed the tape to be played over appellant's objection.

On November 20, 2014, at the conclusion of the evidence, the jury found appellant guilty of robbery and use of a firearm in the commission of a felony. On February 23, 2015, the trial court imposed the jury's recommended sentence and entered an order sentencing appellant to five years of incarceration for the robbery and three years of incarceration for the use of a firearm in the commission of a felony. This appeal followed.

ANALYSIS

I. The Trial Court Did Not Err in Denying Appellant's Motion to Strike.

Appellant argues that the trial court erred when it denied his motion to strike because the evidence presented at trial was insufficient to support a conviction beyond a reasonable doubt. Specifically, he argues that the trial court erred because the testimony of the sole eyewitness to the event was inherently incredible, making it impossible for the Commonwealth to prove its case. We disagree.

The conclusions of the trial court on issues of witness credibility "may only be disturbed on appeal if this Court finds that [the witness'] testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" Robertson v. Commonwealth, 12 Va. App. 854, 858, 406 S.E.2d 417, 419 (1991) (quoting Fisher v. Commonwealth, 228 Va. 296, 299–300, 321 S.E.2d 202, 204 (1984)). To be "incredible," testimony "must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ." Cardwell v. Commonwealth, 209 Va. 412, 414, 164 S.E. 2d 699, 701 (1968) (quoting Burke v. Scott, 192 Va. 16, 23, 63 S.E.2d 740, 744 (1951)).

In this case, appellant contends that Crumpler's testimony was unbelievable because it included several inconsistencies. However, Crumpler stated that she had been robbed, and unequivocally identified appellant as the man who robbed her. The gun used during the robbery

was found in appellant's jacket at his residence. Crumpler's cell phone was also found at appellant's house, which he shared with Lawrence, and Lawrence testified that she did not know where the cell phone came from. It is a "well-settled principle that the unexplained possession of recently stolen goods raises an inference that the possessor is the thief." Montgomery v. Commonwealth, 221 Va. 188, 190, 269 S.E.2d 352, 353 (1980). Crumpler's cell phone was stolen on the night of December 8, 2011.

Further, Crumpler's testimony matches what she reported to the police officers on the morning of the incident: that she was robbed by a man in a jacket with a hat on and the hood up, who was carrying a gun. The trier of fact is not required to accept a witness' testimony, but instead is free to "rely on it in whole, in part, or reject it completely." Montague v. Commonwealth, 40 Va. App. 430, 436, 579 S.E.2d 667, 669 (2003) (quoting Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991)). The trial court in this case was within its discretion when it relied upon Crumpler's testimony at trial to provide the necessary facts to convict appellant. Considering the totality of the evidence presented at trial, Crumpler's testimony is not "so manifestly false that reasonable men ought not believe it, or [] shown to be false by objects or things as the existence and meaning of which reasonable men should not differ." Cardwell, 209 Va. at 414, 164 S.E.2d at 701 (quoting Burke, 192 Va. at 23, 63 S.E. 2d at 744).

Thus, the trial court's decision denying appellant's motion to strike is affirmed.

II. The Trial Court Did Not Abuse Its Discretion When It Allowed the Two Audio Recorded Jail Calls to be Played for the Jury.

Appellant argues that the trial court abused its discretion by allowing two audio recorded jail calls to be played at trial because they were more prejudicial than probative, and the evidence was duplicative of the testimony given by Karyz Williams. Appellant further argues that

allowing the jury to hear the audio recording prejudiced appellant and harmed his ability to have a fair and impartial trial. We disagree.

"It is well established that 'the admissibility of evidence is within the discretion of the trial court' and an appellate court will not reject the decision of the trial court unless it finds an abuse of discretion." Hicks v. Commonwealth, 60 Va. App. 237, 244-45, 725 S.E.2d 748, 752 (2012) (quoting Midkiff v. Commonwealth, 280 Va. 216, 219, 694 S.E.2d 576, 578 (2010)). "On appeal, '[t]he burden is on appellant to show that the trial court's admission of evidence constitutes reversible error.'" Pope v. Commonwealth, 60 Va. App. 486, 517, 729 S.E.2d 751, 766 (2012) (quoting Dunn v. Commonwealth, 20 Va. App. 217, 220, 456 S.E.2d 135, 136 (1995)). And, only when reasonable jurists could not differ can a reviewing court say that an abuse of discretion has occurred. Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005).

In this case, two calls were made between appellant and his wife while appellant was in jail. These jail calls were played during appellant's wife's cross-examination by the Commonwealth. At trial, appellant argued that the audio recording of the jail calls should not be played because the Commonwealth was attempting "to show the evil mind of [appellant] as he was attempting to tell [his wife] what to say." Appellant now suggests on appeal that the jail calls are more prejudicial than probative and do not show any inconsistencies in his wife's statements because at trial she could not remember exactly what happened on December 7 and December 8, 2011. At trial, appellant's counsel attempted to get appellant's wife to testify about the details of those dates to show that appellant was with her the entire time, and therefore, could not have committed the robbery. Assuming for the sake of discussion that appellant properly preserved this issue for our consideration, the jury was entitled to hear the recordings in order to determine whether appellant attempted to influence his wife's testimony to provide him with an

alibi. See Ragland v. Commonwealth, 16 Va. App. 913, 920, 434 S.E.2d 675, 679 (1993) (holding as admissible evidence that a defendant attempted to influence the testimony against him because "it tends to show the unrighteousness of the defendant's cause and a consciousness of guilt" (quoting McMillan v. Commonwealth, 188 Va. 429, 432-33, 50 S.E.2d 428, 430 (1948))). In addition, the recordings were clearly relevant to the jury's assessment of appellant's wife's credibility. See, e.g., McCarter v. Commonwealth, 38 Va. App. 502, 506, 566 S.E.2d 868,869-70 (2002) (explaining that a common method of witness impeachment is to show that he or she previously made an inconsistent statement). Appellant has not proved that the trial court abused its discretion by allowing parts of the jail call recordings to be played to the jury. See Pope, 60 Va. App. at 517, 729 S.E.2d at 766.

As such, the trial court did not abuse its discretion when it allowed the audio recording of the two jail calls to be played to the jury. The trial court's decision, is thus, affirmed.

Affirmed.