# COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, AtLee and Chaney
Argued at Norfolk, Virginia

MIGUEL JESUS VILLARREAL

MEMORANDUM OPINION* BY
v.      Record No. 0736-21-1      JUDGE RANDOLPH A. BEALES
MAY 24, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Gary A. Mills, Judge

Charles E. Haden for appellant.

Liam A. Curry, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Following a three-day jury trial in the Circuit Court of the City of Newport News, appellant

Miguel Jesus Villarreal was convicted of multiple sex offenses that he was charged with committing

against his stepdaughter between January 1, 2006 and December 31, 2006. The jury found

Villarreal guilty of aggravated sexual battery of a child under thirteen years of age, taking indecent

liberties with a child under fifteen years of age, two counts of taking indecent liberties with a child

by a person in a custodial or supervisory relationship, and two counts of forcible sodomy of a child

under thirteen years of age. Villarreal appeals his convictions, arguing that the evidence failed to

establish his guilt and that the trial court erred in granting the Commonwealth's motion to strike

a potential juror for cause.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. BACKGROUND

"Under familiar principles of appellate review, we will state 'the evidence in the light most favorable to the Commonwealth, [as] the prevailing party in the trial court, and will accord the Commonwealth the benefit of all reasonable inferences fairly deducible from that evidence.'" *Sidney v. Commonwealth*, 280 Va. 517, 520 (2010) (quoting *Murphy v. Commonwealth*, 264 Va. 568, 570 (2002)).

Villarreal's trial began on March 1, 2021. During jury selection at the beginning of trial, the attorney for the Commonwealth asked the prospective jurors if any of them would "need[] more than just one witness" in order to convict. One of the prospective jurors indicated that she would have trouble believing only one witness. She stated that "just to hear from one person without seeing if other persons can state something completely different about this person, it is hard. . . . [H]ow can I make a decision based on what one person thinks has happened?" Villarreal's counsel asked the potential juror, "[I]f you heard the alleged victim say this happened and there's no additional evidence to refute it, you wouldn't be able to convict Mr. Villarreal?" The potential juror replied, "It would be hard. How can – how can you believe just one person?" The Commonwealth moved to strike that potential juror from the venire for cause. The trial court granted the Commonwealth's motion and excused the potential juror for cause.

Following the selection of the jury, the evidence at trial showed that the victim moved to Newport News in October 2006 with Villarreal, who was her stepfather at the time, and the rest of her family.[1] She testified at trial that the first time Villarreal sexually abused her was in late November or early December 2006, when she was six years old. She and Villarreal were lying

---

[1] We refer to her as "the victim" or "the child" throughout this opinion in an attempt to better protect her privacy.

- 2 -

on the couch under a blanket while watching a Christmas movie together when Villarreal reached his hands underneath her pajamas and put his hands on top of her underwear. According to the victim, Villarreal then moved his hands inside her underwear and touched the outside of her vagina.

Following the incident on the couch, Villarreal would often come into the child's bedroom early in the mornings before he would leave home for Army physical training ("PT"). She testified that "it was just a, you know, a routine, you know, just every morning. It was just before PT, he would – he would have me do something for him." According to the victim, Villarreal would pull his shorts down and force her to stroke his penis. On some mornings, Villarreal would put his penis in her mouth. She stated that "[h]e would have me go back and forth . . . [w]ith my mouth" until "[h]e ended up finishing in my mouth."

The victim testified that these incidents in her bedroom "happened frequently" and "happened often." She could not specifically say how many times they happened, but when asked at trial whether it was "more than five times that year," the victim answered, "Yes." The victim was also asked, "And all of that happened in that year between January 1st of 2006 and December 31st of 2006?" She responded, "Correct."

Sometime in 2008, the family moved to Hawaii. The victim testified that Villarreal came into her bedroom one night while the family was living in Hawaii. She testified that she "pretended to be asleep, but he leaned over and he told me if I said anything, that he would kill me."

The victim testified that Villarreal stopped molesting her when she was around ten or eleven years old. She did not tell anybody until 2017, when she told a high school friend that a family friend had sexually abused her as a child. She explained at trial that she did not initially identify Villarreal to her friend because the friend knew Villarreal and because the victim "was

afraid to tell her that it was Miguel [Villarreal]." When she was asked why she waited until 2017 to tell anyone, she testified that she was

> [a]fraid of him. I was also afraid of people knowing what happened to me. I felt ashamed, and I felt embarrassed. I felt disgusted with myself.

In 2018, the victim told a different high school friend that Villarreal had abused her. She also revealed to the first friend that it was Villarreal (and not a family friend) who had abused her when she was a child. When asked why she finally decided to reveal the truth in 2018, the victim stated, "I felt like I would be dying with this – I would die with the secret. I just felt like I needed to tell somebody." She reported these allegations to the police in October 2018.

At the end of the Commonwealth's evidence, Villarreal made a motion to strike, during which he argued that the evidence failed to establish that all of the offenses occurred in 2006 (*i.e.*, within the time frame outlined in the indictments) because the victim's testimony did not establish a clear timeline of when the abuse occurred. The trial court denied Villarreal's motion to strike the evidence. The jury found Villarreal guilty of six felonies: aggravated sexual battery of a child under thirteen years of age; taking indecent liberties with a child under fifteen years of age; two counts of taking indecent liberties with a child by a person in a custodial or supervisory relationship; and two counts of forcible sodomy of a child under thirteen years of age. Villarreal subsequently filed a motion to set aside the verdict, which the trial court denied. This appeal followed.

## II. ANALYSIS

On appeal, Villarreal first argues that the trial court erred in denying his motion to strike the evidence and his motion to set aside the verdict. Second, he argues that the trial court erred in granting the Commonwealth's motion to strike one of the potential jurors for cause.

- 4 -

A. Sufficiency of the Evidence

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Crowder v. Commonwealth*, 41 Va. App. 658, 663 (2003) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," *Riner v. Commonwealth*, 268 Va. 296, 330 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" *Crowder*, 41 Va. App. at 663 (quoting *Kelly v. Commonwealth*, 41 Va. App. 250, 257 (2003) (*en banc*)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319.

Villarreal does not specifically argue that the record fails to establish an essential element of any of the offenses for which he was convicted. Instead, he contends that the evidence was insufficient because

> the contradictory statements by [the victim], her unexplained failure to tell anyone about the alleged sexual assault for twelve years, until October 2018, the absence of corroboration in the form of medical or forensic evidence, the absence of other eyewitnesses to the alleged abuse, and the absence of confessions or incriminating statements by Villarreal constituted circumstances collectively pointing to a failure of the Commonwealth's burden of proof.

It is well established under Virginia law that "a conviction for rape and other sexual offenses may be sustained solely upon the uncorroborated testimony of the victim." *Wilson v. Commonwealth*, 46 Va. App. 73, 87 (2005); *see also Fisher v. Commonwealth*, 228 Va. 296, 299 (1984) ("A rape conviction may be sustained solely upon the testimony of the victim. There is no requirement of corroboration."). "The reason for the rule is the typically clandestine nature of the

crime. There are seldom any witnesses to such an offense except the perpetrator and the victim." *Fisher*, 228 Va. at 299. Thus, as the Supreme Court has recognized, "A requirement of corroboration would cause most sex offenses to go unpunished." *Id.* Consequently, Villarreal's argument that the evidence was insufficient because of "the absence of corroboration in the form of medical or forensic evidence, the absence of other eyewitnesses to the alleged abuse, and the absence of confessions or incriminating statements by Villarreal" contradicts binding Supreme Court precedent establishing that no such evidence is required.

"[I]t is clear that the victim's testimony, if credible and accepted by the finder of fact, is sufficient evidence, standing alone, to support the conviction." *Fisher*, 228 Va. at 299. This is so because, as the Supreme Court has stated, "[T]he trier of fact is the sole judge of the credibility of the witnesses, unless, as a matter of law, the testimony is inherently incredible." *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006) (quoting *Walker v. Commonwealth,* 258 Va. 54, 70-71 (1999)). "To be 'incredible,' testimony 'must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Id.* (quoting *Cardwell v. Commonwealth*, 209 Va. 412, 414 (1968)).

Villarreal emphasizes that the victim in this case did not report any of the crimes to police until October 2018, nearly twelve years after the first time she could recall being sexually abused. However, "[t]he victim's failure to immediately report the incident did not render h[er] testimony inherently incredible as a matter of law." *See Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991) (citing *Hammer v. Commonwealth*, 207 Va. 159, 162 (1966)); *see also, e.g.*, *Love v. Commonwealth*, 18 Va. App. 84, 90 (1994) (holding that a seven-year delay in reporting sex offenses did not render the child's testimony inherently incredible). Instead, "it was up to the jury to determine what effect, if any, the delay in reporting the incident had on the credibility of the child's

testimony." *Love*, 18 Va. App. at 90. Moreover, the victim in this case clearly explained her reasons for not telling anyone as a child when she testified at trial that she was "afraid of people knowing what happened" to her, that she "felt ashamed" and "felt embarrassed," and that Villarreal had threatened to kill her when the family lived in Hawaii if she ever told anyone.

Villarreal also argues on appeal that the evidence failed to prove that he committed all the offenses during the time period set out in the indictments because he claims that the victim's testimony did not establish a clear timeline of when the offenses occurred. However, the victim in this case testified that "it was just a, you know, a routine" that "just every morning . . . just before PT, he would – he would have me do something for him." According to the victim's testimony at trial, the incidents of sexual abuse and assault in her bedroom when Villarreal would force her to stroke his penis or put his penis in her mouth "happened frequently" and "happened often." She confirmed that those incidents in her bedroom happened more than five times that year. Simply put, the fact that she struggled to recall the precise timeline of repeated instances of sexual abuse that happened when she was six years old certainly does not mean that her testimony was "so manifestly false that reasonable men ought not to believe it." *Juniper*, 271 Va. at 415 (quoting *Cardwell*, 209 Va. at 414). Under these circumstances, "[t]he fact finder, who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts." *Hamilton v. Commonwealth*, 279 Va. 94, 105 (2010) (quoting *Commonwealth v. Taylor*, 256 Va. 514, 518 (1998)).

Considering the victim's testimony along with the other evidence presented to the jury, and "[v]iewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," *Riner*, 268 Va. at 330, we hold that the trial court did not err in denying Villarreal's motion to strike and motion to set aside the verdict. The jury,

in its role as the trier of fact, accepted the victim's testimony when it found Villarreal guilty of aggravated sexual battery, taking indecent liberties with a child under fifteen years of age, two counts of taking indecent liberties with a child by a person in a custodial or supervisory relationship, and two counts of forcible sodomy. We certainly cannot say on appeal that the victim's testimony in this case was inherently incredible as a matter of law because her testimony was not "so manifestly false that reasonable men ought not to believe it." *See Juniper*, 271 Va. at 415. Furthermore, neither was her testimony "shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ." *See id.* For these reasons, her testimony therefore constitutes sufficient proof standing alone to sustain Villarreal's convictions. *See Fisher*, 228 Va. at 299. Consequently, we cannot say that no rational fact finder could have concluded beyond a reasonable doubt that Villarreal committed each of the crimes for which he was convicted within 2006—the timeframe stated in the indictments. Therefore, we uphold the trial court's decision to deny Villarreal's motion to strike and his motion to set aside the verdict.

B. Strike of Potential Juror for Cause

In his second assignment of error, Villarreal contends that the trial court erred by granting the Commonwealth's motion to strike for cause one of the potential jurors. He asserts that she "was struck from the jury panel for an inadequate reason."

The Supreme Court has stated, "On appeal, this Court generally gives deference to the trial court's decision whether to strike a potential juror for cause." *Juniper*, 271 Va. at 400. Such deference stems from the recognition that "[t]he trial judge sees and hears the prospective juror, and is in a position to weigh the 'inflections, tone, and tenor of the dialogue, and the general demeanor of the prospective juror.'" *Spencer v. Commonwealth*, 240 Va. 78, 94 (1990) (quoting *LeVasseur v. Commonwealth*, 225 Va. 564, 584 (1983)). In other words, "the trial

- 8 -

judge has the opportunity, which we lack, to observe and evaluate the apparent sincerity, conscientiousness, intelligence, and demeanor of prospective jurors first hand." *Juniper*, 271 Va. at 400 (quoting *Pope v. Commonwealth*, 234 Va. 114, 123-24 (1987)). "Consequently, unless 'manifest error appears in the record,' the trial court's decision will not be disturbed" on appeal. *Id.* at 401 (quoting *Pope*, 234 Va. at 124).

The Commonwealth at trial moved to strike for cause the potential juror who had expressed a reluctance to convict based on the testimony of only one witness. Upon further questioning, the potential juror maintained that "[i]t would be hard" to convict based on one person's testimony, stating, "[H]ow can you believe just one person?" However, as discussed *supra*, it has long been the case that "a conviction for rape and other sexual offenses may be sustained" under Virginia law based "solely upon the uncorroborated testimony of the victim." *Wilson*, 46 Va. App. at 87-88; *see also Fisher*, 228 Va. at 299 ("A rape conviction may be sustained solely upon the testimony of the victim."). Thus, the potential juror's statements during *voir dire* in this matter amounted to a clear indication that she would have struggled to apply firmly established Virginia law if she had been selected as a member of the jury. Under these circumstances, the trial court's decision to dismiss her from the venire for cause clearly does not rise to the level of "manifest error." *See Juniper*, 271 Va. at 401 (quoting *Pope*, 234 Va. at 124). Consequently, "the trial court's decision will not be disturbed" on appeal. *See id.*

### III. Conclusion

For all of the foregoing reasons, we affirm the judgment of the Circuit Court of the City of Newport News and uphold Villarreal's convictions.

*Affirmed.*