COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges O'Brien and Lorish
Argued by videoconference

TIMOTHY JOB SMITH

MEMORANDUM OPINION[*] BY
JUDGE LISA M. LORISH
JULY 25, 2023

v.      Record No. 0975-22-3

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James J. Reynolds, Judge

Jason S. Eisner for appellant.

Liam A. Curry, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Timothy J. Smith appeals his conviction, following a bench trial, for assault and battery

against a family member, third offense, in violation of Code § 18.2-57.2. Smith asserts that the

evidence was insufficient to support his conviction. For the reasons below, we disagree, and affirm

the conviction.

BACKGROUND[1]

Tracie Smith and her mother, Nancy Smith, were home when Tracie observed her brother,

the appellant Smith, arrive and proceed towards the home screaming and carrying a baseball bat.

Tracie immediately retreated to Nancy's room. Although the front door was locked, Smith burst

through. Moments later, Smith entered Nancy's bedroom, swinging the baseball bat.

_____

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth."
*Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 514 (2003)).

Tracie sat next to Nancy on the bed while Smith stood wielding the bat. Smith accused Tracie of stealing from his girlfriend, Heather Phillips, and from Nancy. Smith threatened to hit Tracie if she failed to admit to the thefts. Tracie protested, but Smith swung the bat and struck Tracie in the right side of her face. Smith then walked around the bed and struck Tracie with his closed fist on the left side of her shoulder behind her neck before leaving.

Tracie was uncertain whether Smith hit her face with his hand or the bat because she covered her face as he swung at her. Nancy testified that when Smith hit Tracie, she heard a thump but did not see Smith strike Tracie. Tracie admitted on cross-examination that she was a felon.

When Danville Police Officer Thornton arrived at the scene, he saw that the front storm door window had been smashed. Tracie told him that Smith had struck her with a bat. Officer Thornton took pictures of Tracie's injuries, which were later shown to the trial court. Tracie and Nancy both testified that Tracie had no injuries before this incident. The Commonwealth then entered Smith's prior convictions into evidence.

Smith moved to strike the Commonwealth's evidence, which the trial court denied. Heather Phillips, Smith's girlfriend, and Tiffany Hawker, Smith's cousin, testified that they drove with Smith to Nancy's home on the day of the incident. Phillips parked in front of the home so Smith could work on her vehicle. Smith performed repairs for ten to fifteen minutes before he entered the home, while Phillips and Hawker remained in the vehicle.

Phillips and Hawker heard Smith argue with Tracie and saw them through the large windows in the rear of the home. Neither Phillips nor Hawker observed any physical contact between Smith and Tracie, nor did they see Smith with a baseball bat. Hawker, however, admitted that she was unable to see the altercation the entire time and never saw Nancy through the window.

Smith testified that he went to his mother's home that day to perform repairs on Phillips's car. He claimed that when he entered the home Tracie screamed at him and encouraged her

boyfriend to "jump on" him. In response, he armed himself with the baseball bat that was beside Nancy's bedroom door. Smith admitted that he, Nancy, and Tracie convened in Nancy's bedroom and that he wielded the bat, but said he did not swing it at anyone. Smith denied that he made any physical contact with Tracie and testified that he broke the glass door when he slammed the door as he left.

Smith incorporated his renewed motion to strike into his argument in summation. After hearing argument from counsel, the trial court found Phillips and Hawker could not see the entire incident from the vehicle. The court further found Tracie's and Nancy's testimony credible. The court noted that Tracie was struck by something, and Officer Thornton observed and photographed her injuries later that day. The court found her injuries were not inconsistent with being struck by a bat. The court convicted Smith as charged and sentenced him to five years of incarceration with three years and six months suspended. Smith appeals.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Instead, we ask only 'whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its

opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Id.* (quoting *Chavez*, 69 Va. App. at 161).

Smith asserts that the evidence failed to establish he "inflicted corporeal hurt on" Tracie. He notes that three witnesses—himself, Phillips, and Hawker—testified that he never struck Tracie. Tracie, a felon, admitted that she covered her face during the incident and was unsure whether Smith hit her with a bat or his arm. And, Smith asserts, Tracie changed her story about how many times she was struck. He argues that he did not strike Tracie or cause the injuries depicted in the photographs the trial court viewed.

As is true in many cases, the parties presented two different stories below, and the trial court decided which one was more believable. "The sole responsibility to determine the credibility of witnesses, the weight to be given to their testimony, and the inferences to be drawn from proven facts lies with the fact finder." *Blankenship v. Commonwealth*, 71 Va. App. 608, 619 (2020) (quoting *Ragland v. Commonwealth*, 67 Va. App. 519, 529-30 (2017)). Moreover, "[t]he conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only when we find that the witness'[s] testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Ashby v. Commonwealth*, 33 Va. App. 540, 548 (2000) (quoting *Fisher v. Commonwealth*, 228 Va. 296, 299-300 (1984)). "In all other cases, we must defer to the conclusions of 'the fact finder[,] who has the opportunity of seeing and hearing the witnesses.'" *Id.* (alteration in original) (quoting *Schneider v. Commonwealth*, 230 Va. 379, 382 (1985)).

"A legal determination that a witness is inherently incredible is very different from the mere identification of inconsistencies in a witness'[s] testimony or statements." *Kelley v. Commonwealth*, 69 Va. App. 617, 626 (2019). "Testimony may be contradictory or contain inconsistencies without rising to the level of being inherently incredible as a matter of law." *Id.*;

*see, e.g.*, *Nobrega v. Commonwealth*, 271 Va. 508, 518 (2006) (holding that a witness was not inherently incredible despite minor inconsistencies because "her testimony did not waver with regard to the acts of sexual intercourse").

Smith argues that three things, taken together, require us to reverse. First, he argues that Tracie's testimony was conflicting on how many times she was hit during the assault, and what Smith used to strike her (a bat or his fist). At trial Tracie testified that Smith was yelling as he entered the home. She retreated to Nancy's bedroom, and Smith entered soon after with a baseball bat. Smith admits that he wielded a baseball bat while in Nancy's bedroom. Tracie testified that she was struck twice but that she covered her face and was unable to see with what implement she was struck. On cross-examination, Smith attempted to impeach Tracie by noting that at the preliminary hearing she testified to being struck only once.

The inconsistencies within Tracie's testimony do not render her testimony "so manifestly false that reasonable men ought not to believe it." *See Juniper v. Commonwealth*, 271 Va. 362, 415 (2006) (quoting *Cardwell v. Commonwealth*, 209 Va. 412, 414 (1968)). Any inconsistencies in Tracie's statements elicited during her cross-examination or during other witnesses' testimony were put before the trial court for its consideration. *See Kelley*, 69 Va. App. at 626 ("As Virginia law dictates, 'potential inconsistencies in testimony are resolved by the fact finder,' not the appellate court." (cleaned up) (quoting *Towler v. Commonwealth*, 59 Va. App. 284, 292 (2011))). In exercising its role as the factfinder, the trial court weighed the evidence and resolved any inconsistencies in favor of the Commonwealth. In fact, the trial court specifically found that Tracie was credible and noted that "testimony at a preliminary hearing is in many instances, just that. It's preliminary." As the Commonwealth pointed out on redirect, the preliminary hearing testimony was about the number of times Smith hit Tracie with a bat, and did not include testimony about whether there were additional blows by fist.

Next, Smith argues that Tracie's testimony was uncorroborated because no other witness observed Smith hit Tracie. But there was strong circumstantial evidence corroborating her account. "[C]ircumstantial evidence is competent and is entitled to as much weight as direct evidence provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (alteration in original) (quoting *Dowden v. Commonwealth*, 260 Va. 459, 468 (2000)). "Circumstantial evidence is not 'viewed in isolation' because the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable [fact finder]' to conclude beyond a reasonable doubt that a defendant is guilty." *Rams v. Commonwealth*, 70 Va. App. 12, 27 (2019) (alteration in original) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)).

Smith admitted that he went to Nancy's bedroom and that Nancy and Tracie were seated on the bed. He also admitted that he was wielding a baseball bat while arguing with Tracie. Nancy testified that she heard a thump to her left after Smith swung his arm. When Officer Thornton arrived later that day, he documented injuries to Tracie's face. The trial court found that those injuries were not inconsistent with being struck with a baseball bat.

Finally, Smith argues that Tracie's testimony should be disregarded because she is a felon. A party may—as Smith did here—impeach a witness by asking about a prior felony conviction during cross-examination. *See* Va. Rul. Evid. 2:609(b). If so, the "felony conviction is probative of [the] witness's veracity," so the court may consider it when weighing the witness's credibility. *Shifflett v. Commonwealth*, 289 Va. 10, 12 (2015). But just because a felony conviction is *probative* does not mean it is *dispositive*. Instead, a factfinder must consider many factors when assessing a witness's credibility, including: the witness's "demeanor," "opportunity for knowing the things about which he [or she] has testified," "bias," "prior

inconsistent statements relating to the subject of [the] present testimony," and any other "circumstances of a particular case" that may "raise other factors that the circuit court deems relevant in assessing a witness'[s] credibility." *Turner v. Commonwealth*, 56 Va. App. 391, 414 (2010). Here, the record lacks any reason to doubt that the trial court considered Tracie's felon status as one of many factors when it nevertheless found her a credible witness.

## CONCLUSION

In sum, the record supports the trial court's credibility determination. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that Smith was guilty of assault and battery against a family member.

*Affirmed.*